12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence BERMAN, Plaintiff-Appellant,
v.
DIAMOND SAVINGS & LOAN COMPANY, Defendant-Appellee.
 No. 93-3148.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1993.
 
 Before: GUY and RYAN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Lawrence Berman, proceeding without benefit of counsel, appeals a district court judgment and order in which the court affirmed the bankruptcy court's award of summary judgment in favor of defendant in an adversary proceeding, denied confirmation of Berman's bankruptcy reorganization plan and granted defendant's motion for relief from the automatic stay provision. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Berman initially filed a voluntary bankruptcy proceeding under Chapter 13 of the Bankruptcy Code. During the course of the Chapter 13 proceeding, Berman filed an adversary proceeding against Diamond Savings and Loan (Diamond). In the adversary complaint, Berman alleged that Diamond waived its right to continue a foreclosure action filed in April, 1980, because Diamond accepted three monthly mortgage payments from him in May, November, and December of 1980, after the foreclosure action had begun. Additionally, Berman alleged that Diamond committed fraud by denying that it accepted his three monthly mortgage payments.
 
 
 3
 The bankruptcy court granted Diamond's motion for summary judgment on the adversary complaint because Berman was collaterally estopped from relitigating the issues raised. The bankruptcy court also entered an order which converted the petition to a Chapter 7 proceeding and granted Diamond's motion for relief from the automatic stay provision. The district court affirmed the judgment and order of the bankruptcy court. Berman appeals from the district court's judgment.
 
 
 4
 Upon de novo review, we conclude that summary judgment in favor of Diamond was correct. The doctrine of collateral estoppel prevents plaintiff from relitigating the issues raised in his adversary complaint. The doctrine of collateral estoppel provides that a "judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979); Heiser v. Woodruff, 327 U.S. 726, 736 (1946) (collateral estoppel applicable to bankruptcy courts). All of the claims asserted by Berman in his adversary complaint were either asserted and decided against him in the previous state court foreclosure proceeding, or could have been asserted and were not. He is barred from relitigating the same issue in a different cause of action between the same parties once a court of competent jurisdiction decides an issue of fact or law necessary to its judgment. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 80-85 (1984). Accordingly, as a matter of law, Berman is estopped from asserting these claims in a bankruptcy adversary action, and Diamond is entitled to summary judgment.
 
 
 5
 Furthermore, we conclude that the bankruptcy court did not commit clear error by refusing to confirm plaintiff's reorganization plan under Chapter 13; nor did it commit clear error by converting the Chapter 13 action to a Chapter 7 proceeding. A review of the record reveals that Berman did not file a Chapter 13 reorganization plan in good faith. In fact, the only "plan" Berman offered was that the funding for this Chapter 13 reorganization would come from his judgment against Diamond in the adversary proceeding. Inasmuch as the bankruptcy court granted Diamond summary judgment in the adversary action, Berman had no "plan." Therefore, it was not clear error to deny confirmation of the Chapter 13 reorganization plan; nor was it clear error to convert the Chapter 13 reorganization into a Chapter 7 liquidation.
 
 
 6
 Similarly, the bankruptcy court did not abuse its discretion by granting Diamond's motion for relief from the automatic stay provision. The automatic stay provision is one of the fundamental debtor protections provided by the bankruptcy laws. Federal Land Bank of Louisville v. Glenn (In re Glenn), 760 F.2d 1428, 1436 (6th Cir.), cert. denied, 474 U.S. 849 (1985). It provides a "breathing spell" from creditors until a repayment plan can be proposed. Id. In this case, however, Berman provided no feasible repayment plan. Thus, the bankruptcy court did not abuse its discretion by granting Diamond's motion for relief from the stay.
 
 
 7
 Berman's remaining allegations of error are devoid of merit. Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.